◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRELL KING, Appellant. [55 NYS3d 842]—

Appeal from a judgment of Supreme Court, Monroe County (Alex R. Renzi, J.), rendered June 18, 2014. The judgment convicted defendant, upon his plea of guilty, of arson in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of arson in the third degree (Penal Law § 150.10 [1]), defendant contends that Supreme Court abused its discretion by denying him the promised youthful offender

status. We reject that contention. " 'The determination . . . whether to grant . . . youthful offender status rests within the sound discretion of the court and depends upon all the attending facts and circumstances of the case' " (*People v Dawson*, 71 AD3d 1490, 1490 [2010], *lv denied* 15 NY3d 749 [2010]). At the plea proceeding, the court stated that, in order to receive youthful offender status, defendant would have to, inter alia, comply with electronic monitoring and attend school every day while awaiting sentencing. The court warned defendant that he would go to jail if he failed to comply with those conditions. Defendant violated the conditions by absconding for approximately four months and failing to attend school. In light of defendant's failure to comply with the conditions of the plea agreement, his contention that the court abused its discretion in denying him youthful offender status and in imposing a term of incarceration is without merit (*see People v Perkins*, 188 AD2d 281, 281 [1992]).

Contrary to defendant's further contention, we conclude that the sentence is not unduly harsh or severe. Present—Carni, J.P., Lindley, DeJoseph, Curran and Troutman, JJ.